NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUANNE and ANITA LIGUORI, | |
| Plaintiffs, | Civ. No. 14-636 |
| v. | OPINION |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion of Plaintiffs Luanne and Anita Liguori seeking, pursuant to Federal Rule of Civil Procedure 60(b), relief from the Court's June 27, 2014 dismissal of the case. (Doc. Nos. 4, 5). Defendant Allstate Insurance Company has not yet entered an appearance on the record in this matter. The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Motion will be denied.

BACKGROUND

On January 29, 2014 Plaintiffs filed a Complaint against Defendant, seeking declaratory judgment of entitlement to coverage, compensatory damages, and other relief based on Defendant's handling of a flood claim filed in the wake of the October 2012 Superstorm Sandy. (Doc. No. 1 at ¶ 2). On June 9, 2014 the Court issued a Notice of Call for Dismissal pursuant to Rule 4(m) as more than a month had passed since the expiration of the 120-day timeframe for service of process and Plaintiffs had still not filed proof of service with the Court. (Doc. No. 3). Plaintiffs did not respond to the Court's Notice, and on June 27, 2014 the case was dismissed without prejudice. (Doc. No. 4). Roughly five and a half months later, on December 9, 2014,

1

Plaintiffs filed a Motion to Reopen, seeking relief from dismissal pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 5).

## DISCUSSION

A.  Legal Standard

Rule 60(b) applies only to final judgments, and an order dismissing a complaint without prejudice ordinarily does not constitute a final order.  *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588 (JBS), 2008 WL 5156683, at *2 (D.N.J. Dec. 5, 2008).  However, if the plaintiff can no longer amend the complaint because the statute of limitations has run, then the dismissal is considered a final order.  *Id.*  Rule 60(b) permits courts, on motion, to relieve parties from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (b)(6).

Whether a party's neglect is "excusable" is an equitable determination, taking account all relevant circumstances surrounding a party's failure to file.  *Den Be*, 2008 WL 5156683, at *2.  However, the Supreme Court, in *Pioneer Investment Services v. Brunswick Association*, specifically identified four non-exhaustive factors to consider: (1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith.  507 U.S. 380, 395 (1993).  *See also George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004).  A party is entitled to relief under Rule 60(b) only under "extraordinary circumstances," which usually means that the party is faultless in its delay.  *Griffin v. U.S.*, No. 12-06137 RBK, 2013 WL 5676206, at *2 (D.N.J. Oct. 17, 2013) (citing Supreme Court precedents); *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1346 (3d Cir.

1987) ("the remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."). However, where practicable, the Third Circuit has stated a preference that judgment be rendered on the merits rather than by default. *See Logan v. Am. Contract Bridge League*, 173 F. App'x 113, 116 (3d Cir. 2006) (collecting cases).

In addition, Rule 60(c) requires that motions under Rule 60(b)(1) must be made within a reasonable time and no more than a year after the entry of judgment or order. Fed. R. Civ. P. 60(c). This one year period imposed by Rule 60(c) "represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Den Be*, 2008 WL 5156683, at *3 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). What constitutes a reasonable amount of time under Rule 60(c) depends on the specific circumstances of the case, including factors such as finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon, and potential prejudice to other parties. *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010).

B. Analysis

Here, upon assessing the *Pioneer* factors and the totality of the circumstances, the Court will deny Plaintiff's Motion for relief pursuant to Rule 60(b).

First, it is unclear whether the reinstatement of Plaintiffs' claims would prejudice Defendant. Potential prejudice may stem from the one-year statute of limitations governing the Standard Flood Insurance Policy, 42 U.S.C. § 4001 *et seq.*, but there is no indication in the record of the date on which Plaintiffs' insurance claims were decided by Defendants.[1] Thus, the

---

[1] Neither the Complaint, its accompanying exhibits, nor Plaintiffs' present motion papers provide any indication of the date on which Plaintiffs' insurance claim was denied by Defendants.

3

Court cannot determine whether Plaintiffs' claims are time-barred and whether Defendant would be prejudiced. *See Jenkins v. Selective Ins. Co. of Am.*, No. 14-4091 WHW CLW, 2014 WL 7205390, at *1 (D.N.J. Dec. 17, 2014) (finding prejudice to defendant unclear where there is no indication on the record whether plaintiff's claim was timely filed); *Den Be*, 2008 WL 5156683, at *3 ("there is a 'danger of prejudice' to Defendants at having to defend against now-time-barred claims.")  Accordingly, this factor weighs neither in favor of nor against granting relief.[2]

Second, Plaintiffs' lack of timeliness in filing for Rule 60(b)(1) relief weighs against reopening the case.  Plaintiffs failed to respond to the Court's June 9, 2014 Notice of Call for Dismissal, and the Court subsequently dismissed the case without prejudice on June 27, 2014. (Doc. Nos. 3, 4).  Plaintiffs took no other action for roughly five and a half months after the case had been dismissed, and their present motion papers do not identify a single case supporting their entitlement to the requested relief.  Such a long delay is not a "reasonable time" under Rule 60(c), as courts have generally granted relief from final judgments where the delay was limited to one to two months in duration.  *See, e.g.*, *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000) (excusing a three week delay); *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999) (excusing a two month delay); *Griffin*, 2013 WL 5676202, at *2 (D.N.J. Oct. 17, 2013) (excusing a two month delay); *Jenkins*, 2014 WL 7205390, at *2 (excusing a one month delay); *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 975 (3d Cir. 2005) (finding a four month delay inexcusable).  At this point, allowing Plaintiffs to reopen the case would "infringe on the District Court's strong interest in case management," which Plaintiffs have repeatedly rebuffed—they failed to timely file an affidavit of service,

---

[2] The Court notes that Plaintiffs' decision to seek Rule 60(b) relief rather than re-file their Complaint suggests that the statute of limitations has expired, especially since Rule 60(b) only applies to final orders, and the Court's previous dismissal of the case was without prejudice.

4

neglected to respond to the Court's Notice of Call for Dismissal, and waited five and a half months to file the present Motion.  *Kohl's Dep't Stores, Inc.*, 121 F. App'x at 974 (internal citations omitted).  Thus, the second *Pioneer* factor strongly favors denying relief.

Third, Plaintiffs explain that their lack of responsiveness was the result of inadvertent clerical errors, heavy caseload, and scheduling conflicts rather than bad faith.  However, these explanations indicate that the delay was not the result of circumstances beyond Plaintiffs' reasonable control, and "a litigant's protracted and unjustified carelessness alone does not constitute excusable neglect for Rule 60(b)(1) purposes."  *Den Be*, 2008 WL 5156683, at *3; *see also Dively v. Seven Springs Farm, Inc.*, No. 10-126, 2012 WL 5818319, at *2 (W.D. Pa. Nov. 15, 2012) ("carelessness of a litigant or his attorney is not ground for relief under Rule 60(b)(1)").  Courts have previously granted Rule 60(b)(1) relief only where the movant was faultless in its delay.  *See, e.g.*, *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000) (three-week delay was caused by mailroom errors); *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128–29 (3d Cir. 1999) (both parties contributed to the delay); *Griffin,* 2013 WL 5676202, at *2-4 (D.N.J. Oct. 17, 2013) (plaintiff actively made calls to follow his case's status and immediately retained new counsel and filed his Rule 60(b) motion upon learning of the case's dismissal); *Jenkins*, 2014 WL 7205390, at *2 (plaintiff's delay was the result of simple negligence but the delay was only one month).  Although Plaintiffs' lack of promptness in seeking relief appears to be the result of simple negligence, such a protracted delay cannot be characterized as the result of any good faith efforts on the part of Plaintiffs to actively pursue their claims.  *See Den Be*, 2008 WL 5156683, at *3.  Indeed, Plaintiffs' counsel appears to have a habit of asserting these same excuses in other cases before this Court, and despite his claims that he is "willing and able to prosecute this matter" now, his motion papers failed to identify a

single case on the Rule 60(b) standard, let alone any cases supporting his entitlement to relief. (Doc. No. 5). And he still has failed to file a proper affidavit of service even though he claims that Defendant was served by mail on April 21, 2014. Therefore, considering all factors, Plaintiffs' Motion will be denied.[3]

## CONCLUSION

For the reasons above, Plaintiffs' Motion seeking relief from dismissal pursuant to Federal Rule of Civil Procedure 60(b) will be denied.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[3] To the extent Plaintiffs seek relief under Rule 60(b)(6) in addition to Rule 60(b)(1), "a motion under Rule 60(b)(6) must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Howard Johnson Int'l, Inc., v. Cupola Enters., LLC*, No. 01-1205 (DMC), 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006) (citing Third Circuit precedents) (internal quotation marks omitted). Moreover, "Rule 60(b)(6) may not be used as a means to circumvent the time limitations of 60(b)(1)-(3); it is only available upon a demonstration of extraordinary circumstances, and even only then for relief based upon any other reason than one which would justify relief under 60(b)(1)-(5)." *Id.* Plaintiffs have not demonstrated any extraordinary circumstances or other reasons warranting Rule 60(b)(6) relief; thus to the extent Plaintiffs' Motion also seeks relief pursuant to Rule 60(b)(6), it is denied.